IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3030 |
| vs. | ORDER |
| RUSSELL L. RUCKS, JR., | |
| Defendant. | |

The prosecution has moved to continue the trial in this matter currently set to begin on December 11, 2023. Filing 62. The defendant opposes the motion. Filing 64. The Court will overrule the defendant's objection and grant the prosecution's request for a continuance.

> Under the Speedy Trial Act, a trial must begin within 70 days of the filing of an information or indictment or the defendant's initial appearance. However, the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. Congress included in the Act a long and detailed list of periods of delay that are excluded in computing the time within which trial must start to provide the necessary flexibility in criminal cases.

United States v. Johnson, 990 F.3d 661, 667 (8th Cir. 2021) (citing 18 U.S.C. § 3161 (c), (h); Zedner v. United States, 547 U.S. 489 (2006)). As relevant, § 3161(h)(3)(A) excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." In addition, § 3161(h)(7)(A)

> permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.

*Zedner*, 547 U.S. at 498-99; *accord Johnson*, 990 F.3d at 667. But when the Court grants an ends-of-justice continuance, it must set forth in the record its reasons for finding that the ends of justice are served and they outweigh other interests, considering among other things whether the failure to grant a continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" and "would unreasonably deny the defendant or the [prosecution] continuity of counsel, or would deny counsel for the defendant or the attorney for the [prosecuttion] the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See Johnson*, 990 F.3d at 667; § 3161(h)(7)(B)(i), (iv).

Here, the defendant was indicted on March 22, 2022, and made his initial appearance on March 24. Filing 1; filing 10. Over the defendant's objection, the Magistrate Judge allowed the prosecution 28 days to complete Rule 16 discovery and set a status conference for April 27, excluding the time before then from the speedy trial calculation. Filing 10; filing 14. At that status conference, the defendant waived speedy trial and asked for another status hearing, which was set for June 15. Filing 19; filing 21. On that date, defense counsel was still reviewing discovery, so the pretrial motion deadline was set for September 6 and a jury trial was set for October 5. Filing 22; filing 24. The

time until October 5 was excluded for speedy trial purposes, and the defendant did not object. Filing 24.

On August 16, 2022, a superseding indictment was filed, and the defendant waived personal appearance at his arraignment. Filing 25; filing 29. The defendant retained an expert witness for issues related to electronic devices, and moved to continue the October 5 trial to keep preparing the defense. Filing 33. That motion was granted and trial was set for January 23, 2023. Filing 34. The defendant moved to continue that trial too; the motion was granted and a status conference set for February 14. Filing 35; filing 36. After discussion with counsel that status conference was continued to March 16, at which time a July 17 trial date was set. Filing 37; filing 38. But the defendant moved to continue that trial too, and trial was continued to October 2. Filing 51; filing 53. And when the defendant moved to continue that trial, granting the motion resulted in the current December 11 trial date. Filing 59; filing 60.

Now, for the first time, it's the prosecution who's asked to continue the trial date. Filing 62. The Court is satisfied that—through no fault of the prosecutor—an essential witness is unavailable, that the ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial, that the case continues to be unusual and complex due to the nature of the prosecution, and that the failure to grant a continuance under these circumstances would make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* §§ 3161(h)(3), (7)(A), (7)(B)(i), and (7)(B)(ii). A brief continuance, to the next available date for a 5- to 8-day trial, is warranted.

IT IS ORDERED:

1. The prosecution's motion to restrict (filing 61) is granted.

2. The prosecution's motion to continue (filing 62) is granted.

3. The defendant's motion to restrict (filing 63) is granted.

4. Trial in this case is continued to Monday, January 8, 2024 at 9:00 a.m. in Courtroom 1, Robert V. Denney Federal Building and U.S. Courthouse, 100 Centennial Mall North, Lincoln, Nebraska, before the undersigned judge.

5. For the reasons stated above, the time between today's date and January 8, 2024 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.

6. No further continuances will be granted without an *exceptional* showing of good cause.

Dated this 4th day of December, 2023.

> BY THE COURT:
>
> John M. Gerrard
> Senior United States District Judge